Opinion by
Mr. Justice Pringle.
*401 The plaintiffs in error were proponents of the will of William M. Paden in the trial court, and defendant in error Hays was a caveator to the will. Defendant in error Davis as administratrix, does not appear here.
On July 25, 1959, a document purported to be the Last Will and Testament of William M. Paden, deceased, dated August 29, 1956, was filed in the County Court of Rio Grande County, together with a petition for probate thereof. The will and petition were filed by Shirley M. Davis who had previously been appointed as conservatrix of the estate of William M. Paden, adjudicated a mental incompetent on December 9,1958.
The purported will, dated August 29, 1956, appointed as executor “The Commandant of the Colorado State Soldiers and Sailors Home who shall be acting at the time” of death and gave all of decedent’s property “unto the Colorado State Soldiers and Sailors Home, located at Home Lake, Colorado.” Pursuant to order of Court entered July 21, 1959, the ward’s estate and the decedent’s estate were merged, and Shirley M. Davis was ordered to continue to act as personal representative of the deceased.
Thereafter the caveat and objections to probate of the will were timely filed by Irma E. Hays, a sister of decedent. Mrs. Hays is the sole heir at law of the deceased and the sole legatee under a purported will of the deceased executed April 22, 1955.
Basically the caveat raised five objections to the purported will of August 29, 1956, as follows:
1. That the said instrument was not properly executed, authenticated or declared to be the last will and testament of the deceased.
2. That the instrument was procured by undue influence.
3. That the deceased lacked testamentary capacity.
4. That the sole devisee and legatee named in the will, the Colorado State Soldiers and Sailors Home, is no *402 longer in existence, and, therefore, the only bequest and devise contained in the will has lapsed.
5. That the only bequest and devise contained in the will is too indefinite and uncertain to be given effect.
Subsequently the State Board of Control for State Homes for the Aged entered its appearance as proponent of the instrument dated August 29,1956, and John Daley, Superintendent of the Monte Vista Golden Age Center, entered his appearance as the person prescribed by law to perform all duties formerly required of the Commandant of the Colorado State Soldiers and Sailors Home at Home Lake, Colorado.
Shortly after the purported will containing the bequest to the Colorado State Soldiers and Sailors Home was made, the statute concerning the administrative direction of the Home and the standards of eligibility for admission thereto were changed, as was the name to Monte Vista Golden Age Center. It was the position of the caveator, among other things, that the changes in the law caused the legacy to lapse.
The proponent filed a petition to segregate from the caveat the question of whether the legacy had lapsed and asked the Court to rule upon this question as a matter of law under Rule 57 of the Rules of Civil Procedure, and C.R.S. ’53, 77-11-1, both of which deal with declaratory judgments. The trial court acted upon this request and declared the bequest to the State Soldiers and Sailors Home invalid “inasmuch as the persons intended and desired to be benefitted by the decedent and for whose use and enjoyment the decedent made bequest in his Last Will and Testament are no longer eligible to become members of the Monte Vista Golden Age Center, a home for the aged.” (emphasis supplied.) The question of proper execution, undue influence, testamentary capacity and uncertainty were not heard or decided by the trial court.
The proponent contends that the intent of the testator will be carried out by permitting the legacy to pass to *403 the Golden Age Center at Home Lake despite the statutory changes in administrative control and eligibility for admission. On the other hand the caveator contends that the statutory changes are so material as to destroy the identity of the legatee and cause the legacy to lapse. Both sides agree that the intent of the testator is, in the last analysis, the controlling factor in the determination as to whether this legacy has lapsed. That this is the rule of law to be applied in the case, we have no doubt, Fisher v. Minshall, 102 Colo. 154, 78 P. (2d) 363; 10 Am. Jur. 675, Charities, Sec. 123; 14 C.J.S. 514, Charities, Sec. 52; Page on Wills, Life Time Edition 606, Sec. 1240. When so applied it compels reversal of the cause and remand for further proceedings.
The relief sought by the proponent under Rule 57, R.C.P. Colo, and C.R.S. ’53, 77-11-1, et seq., was premature, and contrary to the procedure prescribed by the statute of wills. (C.R.S. ’53, 152-5-34.) A serious issue is raised by the caveat as to the testamentary capacity of the decedent to make a will at all. Unless he had testamentary capacity he could form no intent and it was futile for the trial court to attempt to determine his intent from the language of the will alone in the face of the challenge to his testamentary capacity.
C.R.S. ’53, 152-5-34, outlines the procedures to be followed where objections to a will raise issues as to whether the instrument is the last will of the testator as well as issues concerning the validity of its contents. The statute provides that the court must first try the issue as to whether the instrument sought to be probated is the last will of the testator, and if found to be so, then determine the validity of the contents or any part thereof.
The procedures set forth in the statute determine the course of conduct to be followed with respect to the issues raised by the caveat and there was no room for the application of Rule 57, R.C.P. Colo, and C.R.S. ’53, *404 77-11-1 et seq. By requesting such relief, the proponent led the Court into error.
The situation presented here illustrates the wisdom of the procedure outlined by the statute and of the error inherent in attempting to pursue a short cut. Before the intent of the testator could be determined, it was first necessary to resolve the issue of whether the decedent had any capacity at all to form a testamentary intent.
The judgment is reversed and the cause remanded with directions to proceed in accordance with the views herein expressed.
Mr. Justice Moore and Mr. Justice McWilliams concur.